## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| The C.P. Hall Company, | ) | Case No. 11-26443 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

## NOTICE OF FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF WILLIAM J. FACTOR AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD., AS COUNSEL FOR THE DEBTOR-IN-POSSESSION AND HEARING THEREON

**PLEASE TAKE NOTICE** that on February 26, 2013, William J. Factor and The Law

Office of William J. Factor, Ltd. (collectively, "*LOWJF*") filed the ***First and Final Application***

***for Compensation and Reimbursement of Expenses of William J. Factor and The Law Office***

***of William J. Factor, Ltd., as Counsel to the Debtor-in-Possession*** (the "*Application*") with the

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.  In the

Application, LOWJF seeks final compensation in the amount of $86,980 and reimbursement of

expenses in the amount of $2,860.12.  The Application is being served contemporaneously with

this Notice upon each entity listed on the attached Service List and upon those entities receiving

notices in the above-captioned case pursuant to the Bankruptcy Court's CM/ECF system. All

other entities may obtain copies of the Application upon request to:  Ms. Sara Lorber, The Law

Office of William J. Factor, Ltd., 105 W. Madison Street, Suite 1500, Chicago, Illinois 60602;

slorber@wfactorlaw.com.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will

be held before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in

Courtroom 642, located at 219 South Dearborn Street, Chicago, Illinois 60604, **on Wednesday,**

**March 20, 2013,** at **9:30 a.m**. prevailing Central Time, or as soon thereafter as the undersigned

counsel may be heard.

Dated:  February 26, 2013                    Respectfully submitted,

THE LAW OFFICE OF WILLIAM J.
FACTOR, LTD.

By:  /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
       **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
Tel:     (847) 239-7248
Fax:     (847) 574-8233
Email:  wfactor@wfactorlaw.com
           slorber@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, hereby certify that on February 26, 2013, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the *Notice of First Interim Application for Compensation and Reimbursement of Expenses of William J. Factor and The Law Office of William J. Factor, Ltd. and Hearing Thereon* and the *First Interim Application for Compensation and Reimbursement of Expenses of William J. Factor and The Law Office of William J. Factor, Ltd., as Counsel to the Debtor-in-Possession* to be served upon the parties identified on the attached Service List by either U.S. Mail or through the Court's Electronic Notice for Registrants, as indicated thereon.

/s/ Sara E. Lorber

# SERVICE LIST

## Registrants in the Case
**(Service through ECF)**

- Joseph A Baldi jabaldi@baldiberg.com, jabaldi@ameritech.net;jmanola@baldiberg.com
- Joseph A Baldi jabaldi@baldiberg.com, jbaldi@ecf.epiqsystems.com;jmanola@baldiberg.com
- Joseph A Baldi jabaldi@baldiberg.com, jabaldi@ameritech.net;jmanola@baldiberg.com
- Ronald Barliant ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Thomas W Bevan bevantc@aol.com
- Rosanne Ciambrone rciambrone@duanemorris.com, jkahane@duanemorris.com
- William J Factor wfactor@wfactorlaw.com, wfactorlaw@gmail.com;nb@wfactorlaw.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Allen J Guon aguon@shawfishman.com, cowens@shawfishman.com
- Christopher J Harney charney@seyfarth.com, ctholen@seyfarth.com;chidocket@seyfarth.com
- Reed A Heiligman rheiligman@fgllp.com, ccarpenter@fgllp.com
- David Paul Holtkamp dholtkamp@wfactorlaw.com, nb@wfactorlaw.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Sara E Lorber slorber@wfactorlaw.com, nb@wfactorlaw.com
- Jeffrey K. Paulsen jpaulsen@wfactorlaw.com, nb@wfactorlaw.com;jpaulsenwfactorlawecf@gmail.com
- James B. Sowka jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com
- Steven B Towbin stowbin@shawfishman.com
- A Kelly Turner kturner@lordbissell.com
- Christopher H White christopher.white@troutmansanders.com, audrey.minglin@troutmansanders.com

## All Creditors and Parties in Interest
**(Service through U.S, Mail)**

| | |
|---|---|
| Aultman, Tyner & Ruffin, Ltd.<br>Hertz Texaco Center<br>400 Poydras Street, Suite 1900<br>New Orleans, LA 70130 | Brouse McDowell, L.P.A.<br>388 South Main Street, Suite 500<br>Akron, OH 44311 |
| Bevan & Associates, LPA<br>6555 Dean Memorial Parkway<br>Boston Heights, OH 44236 | Citadel Information Management<br>827 Blackhawk Drive<br>Westmont, IL 60559 |

| | |
|---|---|
| Cooney & Conway Plaintiffs<br>120 N. LaSalle Street, 30th Floor<br>Chicago, IL 60602 | Phifer & Colvin, LLP<br>15150 Preston Road, Suite 200<br>Dallas, TX 75248 |
| Cooney Secured Creditors<br>Cooney & Conway<br>120 N. LaSalle Street, 30th Floor<br>Chicago, IL 60602 | Roberts, Perryman<br>1034 South Brentwood, Suite 2100<br>St. Louis, MO 63117 |
| Donahue, Sabo, Varley & Huttner LLP<br>24 Aviation Road, Suite 205<br>Albany, NY 12205 | Roetzel & Andress<br>222 South Main Street<br>Akron, OH 44308 |
| Elzufon Austin Reardon Tarlov & Mon<br>PO Box 1630<br>Wilmington, DE 19801 | The McGeary Law Firm, P.C.<br>405 Airport Freeway, Suite 5<br>Bedford, TX 76021 |
| Foley & Mansfield, PLLP<br>55 West Monroe Street, Suite 3430<br>Chicago, IL 60603 | The O'Brien Law Firm PC<br>815 Geyer Avenue<br>St. Louis, MO 63104 |
| Hoke LLC<br>117 North Jefferson Street, Suite 100<br>Chicago, IL 60661 | Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, IL 60602 |
| Imai, Tadlock, Kenney, Cordery, LLP<br>100 Bush Street, Suite 1300<br>San Francisco, CA 94104 | Tomas Rubino, et al,<br>Harowitz & Tiberman LLP<br>450 Sansome Street, 3rd FL<br>San Francisco, CA 94111 |
| Insurance Archaelogy Group<br>240 Madison Avenue<br>New York, NY 10016 | Department of the Treasury<br>IRS<br>PO Box 7346<br>Philadelphia PA 19101 |
| James Walker, Ltd.<br>207 West Jefferson Street<br>Bloomington, IL 61701 | Global Legacy<br>LOM Building<br>27 Raid St.<br>Hamilton Bermuda |
| Marsh USA Inc.<br>1166 Avenue of the Americas<br>New York, NY 10036-2774 | Wylder Corwin Kelly LLP<br>207 West Jefferson Street<br>Bloomington, IL 61701 |
| O'Brien Secured Creditors<br>Cooney & Conway<br>120 North LaSalle Street, 30th Floor<br>Chicago, IL 60602 | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| The C.P. Hall Company, | ) | Case No. 11-26443 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**FIRST AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF WILLIAM J. FACTOR AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.,
<u>AS COUNSEL FOR THE DEBTOR-IN-POSSESSION</u>**

William J. Factor and The Law Office of William J. Factor, Ltd. (collectively,

"*LOWJF*"), as counsel to The C.P. Hall Company, as a chapter 11 debtor-in-possession (the

"*DIP Debtor*"), hereby submits its First and Final Application for Compensation and

Reimbursement of Expenses (the "*Application*") for legal services performed and expenses

incurred during the period of June 24, 2011, through October 22, 2012 (the "*Application

Period*").  In support of this Application, LOWJF respectfully states as follows:

**<u>INTRODUCTION</u>**

1.      By this Application, LOWJF seeks entry of an Order, substantially in the form

submitted herewith: (a) allowing and awarding LOWJF on a final basis compensation in the

amount of $86,980.00 for professional services rendered by LOWJF on behalf of the DIP Debtor

during the Application Period, and final reimbursement of actual and necessary expenses in the

amount of $2,860.12  incurred on behalf of the DIP Debtor; (b) authorizing LOWJF to apply the

Retainer (as defined herein) to the allowed fees and expenses; and (c) authorizing the chapter 7

trustee to pay the allowed fees and expenses as a chapter 11 administrative expense in

accordance with the priority scheme of the Bankruptcy Code.

2.      LOWJF makes this Application pursuant to: (a) 11 U.S.C. §§ 105(a), 330 and

503(a); (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (c) applicable provisions of

the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee; (d) Rule 5082-

1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District

of Illinois; and (e) other applicable case law, as further discussed herein.

## JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4.      Venue of this case and this Application is proper in this District pursuant to 28

U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28

U.S.C. § 157(b)(1) and (b)(2)(A) and/or (O).

## BACKGROUND

**I.      CASE BACKGROUND**

5.      The C.P. Hall Company (the "*Debtor*") is a non-operating company that

distributed Johns Manville raw asbestos to customers primarily in the Midwest and California. It

has been and continues to be sued as a defendant in thousands of asbestos lawsuits (the "*Asbestos

Litigation*"). The Debtor had primary and excess liability coverage that paid for its defense and

indemnity of these claims.

6.      Despite its small size and the fact it did not even make a claim until 2005, the

Debtor was among the largest policyholder creditors in the Integrity Insurance ("*Integrity*")

liquidation in New Jersey, which has been pending since 1987. The Integrity liquidation is one of

the largest pending domestic insurance liquidations in the United States. As of the following of

this bankruptcy case (the "*Case*"), the Debtor had successfully proved up a $35 million claim in

the Integrity proceeding, for which it has recovered approximately $25 million in cash. At the

time the Debtor declared bankruptcy, it had an appeal pending seeking even more funds from the

Integrity estate.  As discussed further herein, the DIP Debtor reached a settlement with the

Integrity estate, which was approved by this Court on February 27, 2012, and which ultimately

resulted in the payment of $2,887,500.02 to the Debtor's estate. (*See* ECF Nos. 39, 77).

      7.     The Debtor and then the DIP Debtor also (a) pursued a claim against a $6 million

policy issued by Columbia Casualty Company ("*Columbia*") that remains unpaid, and (b)

identified and pursued "missing coverage" from at least three other major insurers who wrote the

Debtor—or its related companies—historical coverage for asbestos liabilities, but the Debtor has

been unable, to date, to find matching insurance policies.

      8.     On June 24, 2011 (the "*Commencement Date*"), the DIP Debtor filed a voluntary

petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "*Bankruptcy Code*"), thereby initiating the Case.  Pursuant to §§ 1107 and 1108, the DIP

Debtor operated its affairs as a debtor-in-possession through October 22, 2012, at which time the

case was converted to a chapter 7 proceeding.  (ECF No. 180).  Subsequently, Joseph Baldi was

appointed as the chapter 7 trustee (the "*Trustee*"). (ECF No. 182.

      9.     The DIP Debtor filed its application for authority to retain LOWFJ on September

16, 2011. (ECF No. 21).  That application was granted on September 21, 2011, and the DIP

Debtor retained LOWJF as its general bankruptcy counsel effective as of Commencement Date.

(ECF No. 24).

10.     Prior to the Commencement Date, the Debtor provided LOWJF with a retainer of $15,000 in anticipation of the Case and to cover fees incurred subsequent to the Commencement Date.

11.     Prior to the Commencement Date, LOWJF incurred fees of $240 related to bankruptcy preparation matters. LOWJF applied the retainer to these fees leaving a balance of $14,760 (the "*Retainer*") to be applied to services rendered after the Commencement Date

## II.    SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY LOWJF

### A.    Overview

12.     This Application is the first and final application for compensation and expense reimbursement that LOWJF has filed in the Case in connection with its representation of the DIP Debtor.

13.     From the Commencement Date through the date of conversion (i.e., during the Application Period), LOWJF has represented the DIP Debtor in, among other things, (a) its attempt to monetize its claims against various insurance companies, (b) the preparation of a draft plan of reorganization, (c) efforts to obtain DIP Financing and to use cash collateral and to enter into a settlement with various parties related thereto, and (d) generally administer the Case as required under the Bankruptcy Code.

14.     The fees for services (the "*Services*") provided by LOWJF during the Application Period are broken down by professional as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor (WJF) | Partner | $300 / $350[1] | 175.9 | $41,080 |

---

[1] As of October 1, 2011, Mr. Factor's hourly rate increased from $300 to $350.

4

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber (SEL) | Partner | $300 | 15.6 | $4,570 |
| David P. Holtkamp (DPH) | Associate | $250 | 54 | $13,500 |
| Jeffrey K. Paulsen (JKP) | Associate | $250 | 99.4 | $26,710 |
| James Brescoll (JB) | Legal Assistant | $100 | 1.7 | $170 |
| Maleta Beahan (MB) | Legal Assistant | $100 | .8 | $80 |
| Samuel Rodgers (SR) | Legal Assistant | $100 | 4.4 | $440 |
|  |  | **TOTALS:** | **356.1** | **$86,980** |

15.     In addition, LOWJF incurred $2,860.12 in actual and necessary expenses (the

"*Expenses*") on behalf of the Debtor, consisting of the following:

| Date | Expense | Amount |
|---|---|---|
| Jun-24-11 | Filing fee for bankruptcy petition | 1,039.00 |
| Dec-13-11 | Filing fee for removal of Shipley litigation from the from Eleventh Judicial Circuit, McLean County, Illinois | $293.00 |
| Dec-13-11 | Federal Express - McLean County Clerk of Court | $15.06 |
| Dec-14-11 | Federal Express - Hon. Paul Lawrence | $13.06 |
| Feb-23-12 | Quarterly Fees to the US Trustee | $1,500.00 |
|  | **TOTAL:** | **$2,860.12** |

16.     LOWJF respectfully submits that the Services rendered to the DIP Debtor and

Expenses incurred have, in all respects, been reasonable, necessary, and beneficial to the estate,

as further discussed herein.

17.     LOWJF maintains contemporaneous written records of the time expended by its professionals. Such records for the Application Period, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by LOWJF on behalf of the DIP Debtor; (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services in one-tenth of one hour increments; and (d) the identities of the professionals who performed Services.

### B.     Breakdown of Fees by Category of Services Rendered

**18.**     For the Court's reference, LOWJF has categorized the Services it provided to the DIP Debtor into the following categories: (a) case administration; (b) matters relating to professionals; (c) matters relating to asset monetization/disposition; (d) matters relating to the Shipley litigation (the "*Shipley Adversary*"); (e) matters relating to the use of cash collateral; (f) matters relating to Columbia's appeal of the order approving the settlement with the Integrity estate to the District Court for the Northern District of Illinois (the "*Columbia Appeal*") [2]; and (g) matters relating to the DIP Debtor's plan of reorganization.

### *Case Administration (Exhibit A-1)*

19.      During the Application Period, LOWJF expended 65.9 hours, with a value of $18,970, on behalf of the DIP Debtor on matters relating to the administration of the Case.[3]

---

[2] The Chapter 7 Trustee has indicated that he wishes to retain LOWJF to represent him in connection with a further appeal to the United States Court of Appeals for the Seventh Circuit that was taken by Columbia Casualty Company.  Assuming it is retained, LOWJF will file a separate fee application for compensation and reimbursement of expenses in its capacity as counsel for the Trustee.

[3] As reflected in Exhibit A-1, LOWJF has voluntarily reduced the hours for which it is seeking compensation by 5.8 hours.

20.     The Services in this category primarily include: (a) advising and consulting with the DIP Debtor with regard to the Case, planning and strategy; (b) preparing the DIP Debtor's bankruptcy schedules and statement of financial affairs; (c) advising and consulting with the DIP Debtor with respect to its powers and duties as a debtor and debtor-in-possession; (d) conferring and meeting with creditors and other parties in interest; (e) investigating and analyzing options for funding the Case; (f) dealing with Columbia's motion to lift the automatic stay; (g) opposing the motion to dismiss or convert the Case; (h) preparing on behalf of the DIP Debtor all statements, motions, applications, orders, monthly operating reports and other papers necessary to the administration of its estate; (i) appearing before this Court and the United States Trustee; (j) performing all other necessary legal Services and providing all other necessary legal advice to the DIP Debtor in connection with the Case.

21.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 39.4 | $13,230 |
| Sara E. Lorber | Partner | $300 | .6 | $180 |
| David P. Holtkamp | Associate | $250 | 5.0 | $1,250 |
| Jeffrey K. Paulsen | Associate | $250 | 14.8 | $3,700 |
| James Brescoll | Legal Assistant | $100 | .9 | $90 |
| Maleta Beahan | Legal Assistant | $100 | .8 | $80 |
| Samuel Rodgers | Legal Assistant | $100 | 4.4 | $440 |
| | | **TOTALS:** | **65.9** | **$18,970** |

7

*Matters Relating to Professionals (Exhibit A-2)*

22.     During the Application Period, LOWJF expended 7 hours with a value of $1,655,

in connection with matters relating to the DIP Debtor's professionals.

23.     The Services in this category include primarily: (a) preparing and prosecuting the

application to employ LOWJF; and (b) preparing and prosecuting the application to employ

Stephen Hoke and Hoke LLC as special litigation counsel to continue to provide services to the

Debtor with respect to the ongoing litigation to recover against various insurance companies for

the estate.

24.     A breakdown of the professionals providing Services in this category is as

follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 1.5 | $465 |
| Sara E. Lorber | Partner | $300 | .8 | $240 |
| David P. Holtkamp | Associate | $250 | 0 | $0 |
| Jeffrey K. Paulsen | Associate | $250 | 3.2 | $800 |
| James Brescoll | Legal Assistant | $100 | 0 | $0 |
| Maleta Beahan | Legal Assistant | $100 | 1.5 | $150 |
| Samuel Rodgers | Legal Assistant | $100 | 0 | $0 |
| | | TOTALS: | 7 | $1,655 |

*Matters Relating to Asset Monetization/ Disposition  (Exhibit A-3)*

25.     During the Application Period, LOWJF expended 37.4 hours with a value of $11,520 in connection with matters relating to asset monetization and disposition.

26.     The Services in this category include primarily: (a) negotiating a settlement with the Integrity estate and communicating with parties in interest regarding same; (b) preparing and prosecuting a motion for approval of the settlement with Integrity that resulted the allowance of a $4,125,000 claim in the Integrity liquidation, on account of which the Debtor's estate has received $2,887,500.02; (c) communicating and negotiating with claims traders regarding the potential sale of the Integrity claim; (d) preparing a motion for authority to sell the Integrity claim to Primeshares; and (e) negotiating a potential settlement with Columbia and communicating with parties in interest regarding same.

27.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 24.8 | $8,370 |
| Sara E. Lorber | Partner | $300 | 0 | $0 |
| David P. Holtkamp | Associate | $250 | 2.2 | $550 |
| Jeffrey K. Paulsen | Associate | $250 | 10.4 | $2,600 |
| James Brescoll | Legal Assistant | $100 | 0 | $0 |
| Maleta Beahan | Legal Assistant | $100 | 0 | $0 |
| Samuel Rodgers | Legal Assistant | $100 | 0 | $0 |
| | | **TOTALS:** | **37.4** | **$11,520** |

9

*Matters Relating to the Shipley Adversary (Exhibit A-4)*

28.     During the Application Period, LOWJF expended 69.1 hours with a value of $20,285 in connection with matters relating to the Shipley Adversary.

29.     The Services in this category include primarily: (a) removing the state court litigation to the Bankruptcy Court for the Central District of Illinois; (b) preparing and prosecuting a motion to transfer venue of the removed litigation from the Central District of Illinois to this Court; and (c) defending against Shipley's motion to remand the removed litigation.

30.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 29.8 | $10,405 |
| Sara E. Lorber | Partner | $300 | 3.2 | $960 |
| David P. Holtkamp | Associate | $250 | 27.1 | $6,775 |
| Jeffrey K. Paulsen | Associate | $250 | 8.3 | $2,075 |
| James Brescoll | Legal Assistant | $100 | 0 | $0 |
| Maleta Beahan | Legal Assistant | $100 | 0 | $0 |
| Samuel Rodgers | Legal Assistant | $100 | .7 | $70 |
| | | **TOTALS:** | **69.1** | **$20,285** |

*Matters Relating to the Use of Cash Collateral (Exhibit A-5)*

31.     During the Application Period, LOWJF expended 34.3 hours with a value of $10,065  in connection with matters relating to the DIP Debtor's use of cash collateral.

32.     The Services in this category include primarily: (a) negotiating with asbestos claimants that assert a secured interest in the Integrity claim for the use of cash collateral to pay professionals and fund case; and (b) prepare and prosecute multiple motions to use cash collateral and validate liens and claims, including extensive supplemental briefing.

33.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 14.2 | $4,970 |
| Sara E. Lorber | Partner | $300 | 7.7 | $2,300 |
| David P. Holtkamp | Associate | $250 | 3.2 | $800 |
| Jeffrey K. Paulsen | Associate | $250 | 7.1 | $1,775 |
| James Brescoll | Legal Assistant | $100 | 0 | $0 |
| Maleta Beahan | Legal Assistant | $100 | 0 | $0 |
| Samuel Rodgers | Legal Assistant | $100 | 2.1 | $210 |
| | | **TOTALS:** | **34.3** | **$10,065** |

***Matters Relating to the Columbia Appeal  (Exhibit A-6)***

34.     During the Application Period, LOWJF expended 34.3 hours with a value of $8,635 in connection with matters relating to the Columbia Appeal, which is the appeal from this Court's order approving the settlement with the Integrity estate.

35.     The Services in this category include primarily: (a) reviewing Columbia's notice of appeal, statement of issues and record on appeal; (b) preparing the DIP Debtor's appellate brief and sur-reply, and (c) motion practice before the District Court, including motions to extend briefing schedule and for motion for leave to file sur-reply.

11

36.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | .1 | $350 |
| Sara E. Lorber | Partner | $300 | 1.0 | $300 |
| David P. Holtkamp | Associate | $250 | 0 | $0 |
| Jeffrey K. Paulsen | Associate | $250 | 33.2 | $8,300 |
| James Brescoll | Legal Assistant | $100 | 0 | $0 |
| Maleta Beahan | Legal Assistant | $100 | 0 | $0 |
| Samuel Rodgers | Legal Assistant | $100 | 0 | $0 |
| | | TOTALS: | 34.3 | $8,635 |

***Matters Relating to the Plan of Reorganization  (Exhibit A-7)***

37.     During the Application Period, LOWJF expended 21.1 hours with a value of $6,190, in connection with the plan process.

38.     The Services in this category include, among other things: (a) formulating the plan structure in consultation with the DIP Debtor and other interested parties; (b) preparing and prosecuting motions to extend the time to file a plan and disclosure statement; and (c) preparing and prosecuting multiple motions to extend exclusivity for the DIP Debtor to file a plan and disclosure statement.

39.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 10.3 | $3,605 |

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | .1 | $300 |
| David P. Holtkamp | Associate | $250 | 8.3 | $2,075 |
| Jeffrey K. Paulsen | Associate | $250 | 1.6 | $400 |
| James Brescoll | Legal Assistant | $100 | .8 | $80 |
| Maleta Beahan | Legal Assistant | $100 | 0 | $0 |
| Samuel Rodgers | Legal Assistant | $100 | 0 | $0 |
| | | **TOTALS:** | **21.1** | **$6,190** |

## BASIS FOR THE REQUESTED RELIEF

### I.   COMPENSATION STANDARDS

40.     Under Section 330(a)(1)(A), the Court may award the professional person

"reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A).

Section 330(a) further provides:

> In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including – (A) the time spent on such services; (B) the rates
> charged for such services; (C) whether the services were necessary
> to the administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case under [the
> Bankruptcy Code]; (D) whether the services were performed
> within a reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem, issue, or task
> addressed; and (E) whether the compensation is reasonable, based
> on the customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

13

41.     In determining the "extent and value of compensation," the Seventh Circuit

endorses the "'lodestar' approach – multiplying the number of actual and necessary hours

reasonably expended by a reasonable hourly rate[.]"  *In re Wildman*, 72 B.R. 700, 712 (Bankr.

N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir.

1993) (lodestar approach provides fair compensation under Section 330); *see also City of

Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests,

become the guiding light of our fee-shifting jurisprudence.  We have established a 'strong

presumption' that the lodestar represents the 'reasonable' fee[.]").

42.     The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is

considered to be the presumptive market rate."  *Small*, 264 F.3d at 707.  Moreover, "[t]he

lawyer's regular rate is *strongly presumed* to be the market rate for his or her services."

*Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S.

1066 (2001).

43.     Additionally, under generally accepted standards, if the services of an attorney

employed under Section 327 are reasonably likely to benefit the estate, they should be

compensable.  *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors,

Inc.)*,157 F.3d 414, 421 (5th Cir. 1998);  *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir.

1996);  2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.*

11 U.S.C. § 330(a)(4)(A)(ii)(I).  In this same context, "[n]ecessary services are those that aid the

professional's client in fulfilling its duties under the Code."  *In re Ben Franklin Retail Store,

Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

44.     The average hourly billing rate for the attorneys who performed the Services –

that is, the *"lodestar" rate* – is $300.00.  This average rate is fair and reasonable in light of the

Services provided and the experience of LOWJF's professionals.  Moreover, the compensation

requested by LOWJF is reasonable based upon the customary compensation charged by

comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## II.   EXPENSE REIMBURSEMENT STANDARDS

45.    With respect to reimbursing expenses, the Court may award a professional person

"reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(B).

46.    "An expense is necessary if it was incurred because it was required to accomplish

the proper representation of the client."  *In re Spanjer Bros., Inc*., 191 B.R. at 749.

47.    The Expenses were the actual and necessary expenses incurred on behalf of the

Debtor and LOWJF respectfully submits that the Expenses were required to accomplish the

proper representation of the Debtor and the estate.

## NOTICE

48.    Notice of this Application and the Application have been served on all creditors,

all Registrants in the Case and the Office of the United States Trustee.

## NO PRIOR REQUEST

49.    No prior request for the relief requested by this Application has been made to this

Court or to any other court.

WHEREFORE LOWJF respectfully requests that the Court enter an Order:

A.    Allowing and awarding LOWJF on a final basis fees in the amount of $86,980

and expenses in the amount of $2,860.  (the "*Allowed Fees and Expenses*");

B.    Authorizing LOWJF to apply the Retainer to the Allowed Fees and Expenses;

C.    Directing the Trustee to pay the Allowed Fees and Expenses as an allowed

chapter 11 administrative expense claim;

D.      Granting such other and further relief as this Court deems just and appropriate.

Dated: February 26, 2013                          Respectfully submitted,

                                                  THE LAW OFFICE OF WILLIAM J.
                                                  FACTOR, LTD.


                                                  By:  /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, IL 60602
Tel:     (847) 239-7248
Fax:     (847) 574-8233
Email: wfactor@wfactorlaw.com
         slorber@wfactorlaw.com