UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE C.P. HALL COMPANY, | ) | No. 11 B 26443 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This case is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois, on August 18, 2014, at 1:30 p.m. on the trustee's motion for approval of proposed settlement agreement (Dkt. No. 220). At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

    **1. Continuances.** The hearing date is firm. No continuance of the hearing will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

    **2. Discovery.** Discovery cut-off is August 4, 2014. This is a final cut-off. All discovery must be completed by this date.

    **3. Pleadings and Dispositive Motions.** No party has expressed a desire to file any dispositive motions. No dispositive motions will be permitted.

    **4. Exhibits and Exhibit Lists.** On or before August 4, 2014, each party must exchange with the other parties (a) copies of all exhibits the party intends to introduce into evidence and (b) a list of the party's exhibits. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number. Next to each exhibit on the exhibit list a brief description of the exhibit must be provided.

Demonstrative exhibits that the parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the hearing date.

Each party must file its exhibit list (*but not the exhibits themselves*) with the

court and must deliver to chambers on the filing date one (1) set of the exhibits and one (1) copy of the exhibit list. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed.* Group exhibits must be sequentially paginated by Bates stamp or some comparable method.

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived.

Demonstrative exhibits will be deemed admitted as "demonstrative only."

5. **Witnesses and Witness Lists.** On or before August 4, 2014, each party must exchange with the other parties, and must file with the court, a list of all witnesses the party intends to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

6. **Trial Briefs.** This matter is fully briefed. No trial briefs may be filed

7. **Compliance with this Order**. Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a.    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

    b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d
767 (7th Cir. 1994).

Dated: July 2, 2014

                                            A. Benjamin Goldgar
                                            United States Bankruptcy Judge