# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-26443 |
| THE C.P. HALL COMPANY, | ) | Hon. A. Benjamin Goldgar |
| | ) | Hearing Date:   October 26, 2015 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **October 26, 2015 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable A. Benjamin Goldgar,** Bankruptcy Judge, in Courtroom No. 642, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS LITIGATION COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said motion.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Respectfully submitted,

Joseph A. Baldi, the chapter 7 trustee for the estate of The C.P. Hall Co.

Dated:  October 1, 2015         By:   /s/ Allen J. Guon
                                      One of his attorneys

Steven B. Towbin (#2848546)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois  60654

## CERTIFICATE OF SERVICE

Allen J. Guon certifies that he caused to be served a true and correct copy of **FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS LITIGATION COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** upon the attached Electronic Mail Notice List through the

ECF System which sent notification of such filing via electronic means and first class U.S. mail, as indicated, on October 1, 2015.

/s/ Allen J. Guon

# Mailing Information for Case 11-26443

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joseph A Baldi    jabaldi@baldiberg.com, jbaldi@ecf.epiqsystems.com;jmanola@baldiberg.com
- Ronald Barliant    ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Thomas W Bevan    bevantc@aol.com
- Rosanne Ciambrone    rciambrone@duanemorris.com, jkahane@duanemorris.com;rpdarke@duanemorris.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- Katherine Heid Harris    kharris@lockelord.com, chicagodocket@lockelord.com
- Reed A Heiligman    rheiligman@fgllp.com, ccarpenter@fgllp.com
- David Paul Holtkamp    dholtkamp@wfactorlaw.com, bharlow@wfactorlaw.com;dholtkamp@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Brigid Leahy    bleahy@davidchristianattorneys.com, mbloch@davidchristianattorneys.com
- Laura Lipskis    l.lipskis@gmail.com
- Julia D Loper    jloper@baldiberg.com
- Sara E Lorber    slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com
- Tyler Steven Mertes    tyler.mertes@troutmansanders.com, cynthia.duran@troutmansanders.com
- Jeffrey K. Paulsen    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;jpaulsen@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- Steven B Towbin    stowbin@shawfishman.com
- A Kelly Turner    kturner@lordbissell.com

**Via First Class Mail**

| | |
|---|---|
| Arrowood Indemnity Company<br>c/o Stefanie Wowchuk McDonald<br>SNR Dention US LLP<br>233 South Wacker Drive, Ste. 7800<br>Chicago, IL  60606-6459 | Aultman, Tyner & Ruffin, Ltd.<br>Hertz Texaco Center<br>400 Poydras St., Suite 1900<br>New Orleans, LA  70130-3271 |
| Brouse McDowell, L.P.A.<br>Attn:  Marc B. Merklin<br>388 South Main Street, Ste. 500<br>Akron, OH  44311-4419 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 |
| Elzufon Austin Reardon Tarlov & Mon<br>P.O. Box 1630<br>Wilmington, DE  19899-1630 | Imai, Tadlock, Kenney, Cordery, LLP<br>100 Bush Street, Suite 1300<br>San Francisco, CA  94104-3915 |
| Kernell Law Firm<br>Thomas Kernell<br>800 Market Street, Ste. 2100<br>St. Louis, MO  63101-2501 | Patrick M. Shine<br>12735 S. 84th Avenue<br>Palos Park, IL  60464-2034 |
| Phifer & Colvin, LLP<br>15150 Preston Road<br>Suite 200<br>Dallas, TX  75248-4878 | Roetzel & Andress LPA<br>c/o Bruce R. Schrader II Esq.<br>222 South Main Street<br>Akron, OH  44308-1500 |
| Stephen Hoke and Hoke LLC<br>117 N. Jefferson St., Ste. 100<br>Chicago, IL  60661-2387 | Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, IL  60602 |
| Thomas Rubino, et al.<br>Harowitz & Tigerman, LLP<br>450 Sansome Street, Third Floor<br>San Francisco, CA  94111-3306 | |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| In re: | ) | Chapter 7 |
|---|---|---|
|  | ) | Case No. 11-26443 |
| THE C.P. HALL COMPANY, | ) | Hon. A. Benjamin Goldgar |
|  | ) | Hearing Date:    October 26, 2015 |
| Debtor. | ) | Hearing Time:    10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
|---|---|
| Authorized to Provide Professional Services to: | Joseph A. Baldi, Chapter 7 Trustee for the estate of The C.P. Hall Company |
| Date of Order Authorizing Employment: | October |
| Period for Which Compensation is Sought: | October 1, 2013, through October 1, 2015 |
| Amount of Fees Sought: | $300,000.00 |
| Amount of Expense Reimbursement Sought: | $893.83 |
| This is a(n): ☐ Interim Application | ☒ Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
|  |  |  |  |  |

| Applicant: | Shaw Fishman Glantz & Towbin LLC |
|---|---|
| Date:    October 1, 2015 | By:    /s/ *Allen J. Guon* |
|  | One of its Attorneys |

{10706-001 APPL A0418106.DOCX}

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 11-26443 |
| THE C.P. HALL COMPANY, | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |

**FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC,
AS LITIGATION COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Steven B. Towbin and Shaw Fishman Glantz & Towbin LLC (collectively, "Shaw Fishman") applies to this Court pursuant to Sections 330(a) and 331 of title 11, United States Code ("Bankruptcy Code"), FED. R. BANKR. P. 2002(a)(6), 2016(a) and 9007, and Local Bankruptcy Rule 5082-1, for (i) final allowance of $300,000.00 (voluntarily reduced from $317,730.50) in compensation for 610.40 hours of professional services rendered as litigation counsel for Joseph A. Baldi, not personally, but as the chapter 7 trustee ("Trustee") for the estate of The C.P. Hall Company ("Debtor"), for the period beginning October 1, 2013 through October 1, 2015 ("Application Period"), and the reimbursement of $893.83 for actual expenses incurred incident to those services, and (ii) payment of all finally allowed compensation and expense reimbursement ("Final Application"). In support of this Final Application, Shaw Fishman respectfully states as follows:

**Jurisdiction**

1. On June 24, 2011, The C.P. Hall Company ("Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-entitled case.

2. On October 22, 2012, this Court converted the Debtor's chapter 11 case to a case under chapter 7 and the Office of the United States Trustee appointed the Trustee as the chapter

{10706-001 APPL A0418106.DOCX}

7 trustee of the Debtor's bankruptcy estate ("Estate"). In accordance with his duties under § 704(1) of the Bankruptcy Code, the Trustee continues to administer and wind-down the Estate for the benefit of the Estate's creditors.

3. This Court has core jurisdiction over the case pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334

4. An overview of the factual background of the Debtor's case and the disputes among the various creditors is set forth in the *Trustee's Motion for Approval of (I) Proposed Settlement Agreement and Release with Creditors Represented by Cooney & Conway and the O'Brien Law Firm and (II) the Purchase and Release Agreement with James Shipley.* [Dkt. No. 308] ("Global Settlement Motion"). The Global Settlement Motion is incorporated herein by reference.

### Shaw Fishman Retention

5. On October 23, 2013, this Court entered an order authorizing the Trustee to employ Shaw Fishman as litigation counsel to the Trustee, effective October 1, 2013 ("Original Retention Order"). In the Retention Order, the Court authorized Shaw Fishman to provide the following services to the Trustee:

> (a) Investigating, assessing and, if necessary, litigating any claims asserted against the bankruptcy estate on behalf of the Trustee, avoidance actions related to such claims and other avoidance actions as may be appropriate;
>
> (b) Preparing motions, pleadings, briefs, orders and other legal documents as may be necessary in connection with the appropriate adjudication of the claims, and appearing on behalf of the Trustee in hearings before this court;
>
> (c) Taking such action and performing any and all other legal services on behalf of the Trustee which may be required to effectuate the foregoing.

6. The Court also authorized the Trustee to pay Shaw Fishman a $50,000 retainer ("Retainer"). The Trustee paid Shaw Fishman the Retainer on August 4, 2015.

7.      On January 20, 2014, this Court entered an order modifying the Original Retention Order, which expanded the retention of Shaw Fishman ("Expanded Retention Order," and together with the Original Retention Order, the "Retention Orders") to include the representation of the Trustee in the Seventh Circuit Court of Appeals related to an appeal by Columbia Casualty Co. ("Columbia"), pending as case no. 13-1306 ("Columbia Appeal").

**Services Rendered by Shaw Fishman - Generally**

8.      Throughout the Application Period, Shaw Fishman rendered in excess of 610.40 hours of legal and paraprofessional services to the Trustee having a value of $317,730.50. Shaw Fishman provided professional services to the Trustee which were consistent in scope to those authorized in the Retention Orders. All of the services for which compensation is requested are services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. Pursuant to an agreement with the Trustee, Shaw Fishman has voluntarily agreed to cap its fees at $300,000,[1] in lieu of any specific reductions to time entries.

9.      In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into 7 separate categories, as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Arrowood | 7.80 | $ 3,539.00 |
| Cooney & Conway Litigation & Settlement | 280.80 | $147,106.00 |
| Fee Application | 14.60 | $ 6,405.50 |
| Retention and Administrative Matters | 10.40 | $ 4,254.50 |
| Seventh Circuit Appeal | 146.90 | $ 73,707.00 |

---

[1] This reduction has been incorporated into the amount requested herein. Exhibit A reflects the full, unreduced amount.

{10706-001 APPL A0418106.DOCX}    3

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Shipley/Cooney Global Settlement | 41.50 | $ 21,890.00 |
| Shipley Claim Objection | 108.40 | $ 60,828.50 |
| **TOTAL:** | **610.40** | **$317,730.50** |

10. A detailed invoice ("Invoice") for each time category is attached as Exhibit A to this Application. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category. All of the time described in Exhibit A represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys and paralegals of Shaw Fishman who rendered the described services.

### Services Rendered by Shaw Fishman – By Category

11. The following is a separate description of each of the Shaw Fishman categories which generally describe the tasks performed. Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

12. *Arrowood.* Shaw Fishman provided 7.80 hours of professional services having a value of $3,539.00 in connection with Arrowood Indemnity Company's ("Arrowood") proof of claim and Shipley's garnishment proceeding against Arrowood. The professional services rendered in this category generally include: (i) communicating with counsel for Arrowood regarding the status of the Arrowood proof of claim and transfer of the Arrowood garnishment proceedings to the Court from district court; (ii) reviewing Arrowood's proof of claim and the status report regarding the Arrowood garnishment proceeding; (iii) communicating with counsel the Trustee, counsel for Cooney & Conway law firm ("Cooney"), counsel for James Shipley, as the personal representative of the Estate of Janet Shipley ("Shipley") and Steve Hoke regarding

the possible retention of special counsel to pursue recoveries against Arrowood; (iv) preparing a suggestion of bankruptcy for Shipley's garnishment proceeding against Arrowood; and (v) attending and participating at status hearings on the Arrowood garnishment proceeding.

13.    The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 7.80 | $3,539.00 |
| **Total** | **7.80** | **$3,539.00** |
|  |  |  |

14.    ***Cooney & Conway Litigation and Settlement.***  Shaw Fishman provided 280.80 hours of professional services having a value of $147,106.00 in connection with the Trustee's initial proposed settlement ("Initial Settlement") with the thousands of asbestos claimants represented by Cooney and The O'Brien Law Firm (collectively, the "Settling Asbestos Claimants").  The Settling Asbestos Claimants asserted security interests in the proceeds of the Integrity insurance company liquidation ("Integrity Settlement Proceeds") and other insurance policies of the Debtor – which collectively represented all of the assets of this Estate.  Under the proposed Initial Settlement, the accrued and accruing administrative expenses would have been paid and the Settling Asbestos Claimants and other creditors would have received a distribution on their claims.  Shipley and certain insurers objected to the Initial Settlement, which resulted in a complex contested matter that spanned almost 18 months.

15.    The professional services rendered in connection with this category generally include: (i) communicating with the Trustee and counsel for Cooney over a period of several months to negotiate the terms of the proposed Initial Settlement; (ii) preparing and negotiating the Initial Settlement Agreement with counsel for Cooney; (iii) preparing a motion to approve the

proposed Initial Settlement; (iv) reviewing and responding to separate objections to the Initial Settlement filed by Shipley, Great American Insurance and Columbia; (v) conducting numerous conferences with Trustee, counsel for Cooney, Mr. Hoke and counsel for objectors with respect to the Initial Settlement; (vi) preparing responses to Great American's and Columbia's objections to the Initial Settlement; (vii) researching numerous complex legal issues in response to Shipley's objections to the Initial Settlement including, but not limited to, standing, Rooker-Feldman, full faith and credit, perfection of security interests in insurance policies, claims against insolvent insurers, and equitable subordination; (viii) researching factual issues related to the Integrity insurance settlement and the underlying state court judgments of the Settling Asbestos Claimants; (xi) preparing a substantial response and sur-reply to Shipley's objection to Initial Settlement; (x) preparing for and attending multiple status hearings and contested hearings on the Initial Settlement; (xi) preparing for and attending a meeting with counsel for Shipley to prepare a proposed join stipulation of facts ("Joint Stipulation") as requested by the Court for the proposed evidentiary hearing on the Initial Settlement; (xii) preparing and revising the Joint Stipulation including the review of voluminous documents to be incorporated thereto; and (xiii) reviewing the Court's opinion requiring the resolution of the Shipley objections to the Settling Asbestos Claimants claims prior to approval of the Initial Settlement.

16.   The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 104.20 | $72,007.00 |
| Allen J. Guon | 147.80 | $66,488.00 |
| Terence G. Banich | 4.90 | $ 2,205.00 |
| Marc S. Reiser | 6.90 | $ 2139.00 |
| David R. Doyle | 2.60 | $   806.00 |

| Professional | Hours | Amount |
|---|---|---|
| Allison B. Hudson | 14.40 | $ 3,461.00 |
| **Total** | **280.80** | **$147,106.00** |

17.     *Fee Applications.*  Shaw Fishman provided 14.60 hours of professional services having a value of $6,405.50 in connection with (i) reviewing, revising and categorizing the detailed statement of fees and expenses from October 1, 2013 through October 1, 2015; and (ii) preparing Shaw Fishman's final fee application, which seeks payment of $300,000 in fees.

18.     The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 12.30 | $5,382.50 |
| David D. Doyle | 2.30 | $1,023.00 |
| **Total** | **14.60** | **$6,405.50** |

19.     *Retention and Administrative Matters.*  Shaw Fishman provided 10.40 hours of professional services having a value of $4,254.50 in connection with Shaw Fishman's retention and other administrative matters for the Estate.  The professional services rendered by Shaw Fishman in this category generally include: (i) participating in telephone conferences with the Trustee and counsel for Cooney discussing Shaw Fishman's retention; (ii) preparing and presenting the Trustee's application to retain Shaw Fishman as litigation counsel for the Trustee; (iii) attending two hearing on the status of the case; and (iv) preparing and presenting Shaw Fishman's application to modify the Original Retention Order and expand the scope of Shaw Fishman's retention to include the Columbia Appeal.

20. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| **Professional** | **Hours** | **Amount** |
|---|---|---|
| Steven B. Towbin | 2.70 | $1,822.50 |
| Allen J. Guon | 1.10 | $506.00 |
| David D. Doyle | 6.60 | $1,926.00 |
| **Total** | **10.40** | **$4,254.50** |

21. *Seventh Circuit Appeal.* Shaw Fishman provided 146.90 hours of professional services having a value of $73,707.00 in connection with services pertaining to the Estate's successful defense of the Court's order dated February 27, 2012, approving a settlement between the Debtor and the Liquidator of the Integrity Insurance Company Estate ("Integrity Settlement Order"). The Integrity Settlement Order resulted in the payment of the Integrity Settlement Proceeds to the Estate, which ultimately formed the basis for the global settlement reached between the Settling Asbestos Claimants, Shipley and the Estate (discussed below). The Integrity Settlement Order was appealed by Columbia to the district court. The Integrity Settlement Order was affirmed by the district court. Columbia then appealed the Integrity Settlement Order to the Seventh Circuit Court of Appeals.

22. The professional services rendered in connection with the Columbia Appeal generally include: (i) reviewing the entire record on appeal and underlying proceedings; (ii) reviewing and analyzing Columbia's opening appeal brief; (iii) researching and analyzing the legal issues and arguments for the Trustee's appellee brief; (iv) drafting Trustee's appellee brief; (v) reviewing and analyzing the reply brief filed by Columbia; (vi) preparing for and attending oral argument before Seventh Circuit; (vii) preparing motions before the Court and the Seventh Circuit to allow the Court to rule on the Initial Settlement during the pendency of the Columbia Appeal;

and (viii) attending a mediation of the state court claims regarding the underlying coverage dispute with Columbia.

23.　The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 31.60 | $21,840.00 |
| Allen J. Guon | 106.00 | $47,682.00 |
| Terence G. Banich | 9.30 | $4,185.00 |
| **Total** | **146.90** | **$73,707.00** |

24.　***Shipley/Cooney Global Settlement.***　Shaw Fishman provided 41.50 hours of professional services having a value of $21,890.00 in connection with the global settlement reached between the Trustee, the Settling Asbestos Claimants and Shipley ("Global Settlement"). The professional services rendered in connection with this generally category include: (i) conducting conferences with the Trustee, counsel for Cooney and counsel for Shipley over a period of several months concerning the negotiation of the Global Settlement; (ii) preparing and revising the settlement agreement between the Trustee and the Settling Asbestos Claimants that reflected the agreed terms of the Global Settlement; (iii) preparing and revising the purchase agreement with Shipley that reflected the agreed terms of Global Settlement; (iv) preparing for and attending hearings pending the finalization of the Global Settlement; (v) preparing a motion seeking approval of the Global Settlement; and (vi) preparing for and attending a hearing on the motion to approve the Global Settlement.

25.　The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

{10706-001 APPL A0418106.DOCX}　　　　　　　　　　9

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 11.20 | $ 7,952.00 |
| Allen J. Guon | 30.30 | $13,938.00 |
| **Total** | **41.50** | **$21,890.00** |

26. ***Shipley Claim Objection.*** Shaw Fishman provided 108.40 hours of professional services having a value of $60,828.50 in connection with the Trustee's objection ("Shipley Objection") to the $3.3 million secured proof of claim filed by Shipley ("Shipley Claim"). The professional services rendered in connection with this category generally include: (i) reviewing the Shipley Claim and relevant background information regarding the Shipley Claim; (ii) conducting conferences with the Trustee, counsel for Shipley and counsel for Cooney regarding the Shipley Claim, the Shipley Objection and possible settlement; (iii) preparing and presenting the Shipley Objection; (iv) preparing for and attending multiple contested hearings on the Shipley Objection; (v) conducting research regarding Shipley's asserted citation lien and purported status as a secured claim; (vi) preparing a substantial reply in support of the Shipley Objection; (vii) reviewing the adversary complaints filed by Shipley against the Settling Asbestos Claimants concerning the priority of the Shipley Claim; (viii) preparing a stipulation to waive Shipley's right to proceed with the Shipley Objection by way of adversary proceeding; and (ix) negotiating and finalizing a proposed order allowing the Shipley Claim as a general unsecured claim rather than as a secured claim.

27. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 50.90 | $35,095.50 |
| Allen J. Guon | 24.40 | $11,002.00 |
| Terence G. Banich | 31.90 | $14,359.00 |

| Professional | Hours | Amount |
|---|---|---|
| Marc S. Reiser | 1.20 | $372.00 |
| **Total** | **108.40** | **$60,828.50** |

### Summary of Services Rendered by Professionals

28. In summary, the total compensation sought with respect to the 7 categories of services set forth above is $317,730.50. In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rates | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Member | $675 - $710 | 200.60 | $138,717.00 |
| Allen J. Guon | Member | $435 - $460 | 329.70 | $148,813.00 |
| Terence Banich | Member | $450 - $460 | 46.10 | $ 20,749.00 |
| David D. Doyle | Associate | $290 - $325 | 11.50 | $ 3,479.50 |
| Marc S. Reiser | Associate | $310 | 8.10 | $ 2,511.00 |
| Allison B. Hudson | Associate | $200 - $270 | 14.40 | $ 3,461.00 |
| | | **TOTAL:** | **610.40** | **$317,730.50** |

29. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Trustee in connection with the case. Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

30. Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Trustee. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time. Also, Shaw Fishman only appeared on matters within the scope of the Retention Order. Similarly,

on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the case. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis. Given the complexity of the issues involved, however, it was necessary for more than one Shaw Fishman attorney to be involved in certain meetings and court appearances.

31. Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

### The Expenses Requested

32. The actual and necessary costs provided by Shaw Fishman during the Application Period is $893.83 and is also detailed in Exhibit 1. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

33. The types of costs for which reimbursement is sought in this Final Application are listed below:

| Category | Amount |
|---|---|
| Commercial Messenger Delivery (e.g., Metro) | actual cost |
| Online docketing and documents (PACER) | actual cost |
| In-city Transportation (Parking/Taxi) | actual cost |
| Photocopy (In-house) | 10¢ per page |
| Postage | actual cost |
| Outside Copying Services | actual cost |

34.     The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Commercial Messenger Delivery (e.g., Metro) | $22.59 |
| Online docketing and documents (PACER) | $321.00 |
| In-city Transportation (Parking/Taxi) | $204.00 |
| Photocopy (In-house) | $170.20 |
| Postage | $40.04 |
| Outside Copying Services | $136.00 |
| **TOTAL** | **$893.83** |

### Compliance with 11 U.S.C. § 504

35.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

### Notice

36.     As indicated in the attached Certificate of Service, Shaw Fishman provided 21 days' notice of this application (a) the Office of the United States Trustee, (b) to those parties that requested notice in this case, and (c) all creditors with allowed claims in this case.  Shaw Fishman

requests that this Court waive and dispense with any further notice requirements, pursuant to Fed. R. Bankr. P. 2002(a) and 9007.

## Conclusion

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)  Allows Shaw Fishman the amount of $300,000.00 in final compensation for services rendered during the Application Period;

(b)  Allows Shaw Fishman the amount of $893.83 in final expense reimbursement for the Application Period;

(c)  Authorizes Shaw Fishman to apply the Retainer to the compensation and expenses awarded herein;

(d)  Authorizes the Trustee to pay Shaw Fishman the amount of $250,893.83 in payment of the fees and expenses awarded herein;

(e)  Waives other and further notice of the hearing with respect to this Application; and

(f)  Provides such other just and appropriate relief.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated: October 1, 2015               By:    /s/ Allen J. Guon
                                                    For the Firm

Steven B. Towbin (#2848546)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone