UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br>THE C.P. HALL CO.<br><br>Debtors(s) | §<br>§<br>§<br>§<br>§<br>§ | Case No.  11-26443 |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

> Clerk of the Court
> 219 S. Dearborn Street
> 7th Floor
> Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at

> 10:00 a.m. on Wednesday, May 15, 2019
> in Courtroom 642, U.S. Courthouse
> 219 S. Dearborn St., Chicago, IL 60604

Date Mailed:  4/17/19                         By :     /s/ Joseph A. Baldi
                                                       Trustee

Joseph A. Baldi
P.O. Box 2399
Glen Ellyn, IL 60138-2399

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>THE C.P. HALL CO.<br><br><br><br>Debtors(s) | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.   11-26443 |

SUMMARY OF TRUSTEE'S FINAL REPORT AND
APPLICATION FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 9,007,548.01 |
| and approved disbursements of | $ | 8,828,866.66 |
| leaving a balance on hand of: | $ | 78,681.35 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000015 | CREDITORS Rep by COONEY & | $ 121,610,107.00 | $ 121,610,107.00 | $ 6,259,731.12 | $ 0.00 |
| 000016 | CREDITORS Rep by THE O'BRIEN | $ 30,900,000.00 | $ 30,900,000.00 | $ 837,019.47 | $ 0.00 |
| Total to be paid to secured creditors | | | | $ | 0.00 |
| Remaining Balance | | | | $ | 78,681.35 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: Joseph A. Baldi | $ 125,000.00 | $ 100,000.00 | $ 25,000.00 |
| Attorney for Trustee, Fees: BALDI BERG | $ 63,696.50 | $ 63,696.50 | $ 0.00 |
| Attorney for Trustee, Fees: Joseph D. Frank | $ 795,000.00 | $ 795,000.00 | $ 0.00 |
| Attorney for Trustee, Fees: SHAW FISHMAN | $ 300,000.00 | $ 300,000.00 | $ 0.00 |
| Attorney for Trustee, Expenses: SHAW FISHMAN | $ 893.83 | $ 893.83 | $ 0.00 |
| Accountant for Trustee, Fees: Kutchins, Robbins & Diamond, | $ 2,067.00 | $ 0.00 | $ 2,067.00 |

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Accountant for Trustee, Fees: POPOWCER KATTEN, LTD | $ 4,768.50 | $ 4,768.50 | $ 0.00 |
| Fees: United States Trustee | $ 775.00 | $ 775.00 | $ 0.00 |
| Other: ARTHUR B. LEVINE COMPANY | $ 2,515.05 | $ 2,515.05 | $ 0.00 |
| Other: International Sureties | $ 2,386.49 | $ 2,386.49 | $ 0.00 |
| Other: CITADEL INFORMATION MANAGEMENT | $ 5,714.70 | $ 5,714.70 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses    $    27,067.00

Remaining Balance    $    51,614.35

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Attorney for Debtor, Fees: LAW OFFICE OF WILLIAM J. | $ 72,220.00 | $ 72,220.00 | $ 0.00 |
| Attorney for Debtor, Fees: Stephen Hoke and Hoke LLC | $ 41,158.00 | $ 41,158.00 | $ 0.00 |
| Attorney for Debtor, Expenses: LAW OFFICE OF WILLIAM J. | $ 2,860.12 | $ 2,860.12 | $ 0.00 |
| Attorney for Debtor, Expenses: Stephen Hoke and Hoke LLC | $ 79.68 | $ 79.68 | $ 0.00 |
| Other: PATRICK M. SHINE | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid for prior chapter administrative expenses    $    0.00

Remaining Balance    $    51,614.35

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 000009A | DEPARTMENT OF THE TREASURY | $ 0.00 | $ 0.00 | $ 0.00 |
| 19B | PATRICK M SHINE | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to priority creditors    $    0.00

Remaining Balance    $    51,614.35

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

UST Form 101-7-NFR (10/1/2010) (Page 3 )

Timely claims of general (unsecured) creditors totaling $1,003,246.32 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 40.8 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | IMAI, TADLOCK, KEENEY, CORDERY, | $ 57,185.91 | $ 11,224.65 | $ 3,674.61 |
| 000002 | BROUSE MCDOWELL, L.P.A. | $ 3,545.00 | $ 695.83 | $ 227.78 |
| 000003 | PHIFER & COLVIN, LLP | $ 21,244.48 | $ 4,169.94 | $ 1,365.11 |
| 000004 | ELZUFON AUSTIN REARDON TARLOV & | $ 2,044.80 | $ 401.36 | $ 131.39 |
| 000005 | ROETZEL & ANDRESS LPA | $ 0.00 | $ 0.00 | $ 0.00 |
| 000006 | THOMAS RUBINO, ET AL. | $ 200,000.00 | $ 39,256.70 | $ 12,851.44 |
| 000007 | ROETZEL & ANDRESS LPA | $ 208,498.00 | $ 40,924.72 | $ 13,397.50 |
| 000008 | UNGARETTI & HARRIS | $ 36,559.41 | $ 7,176.01 | $ 2,349.21 |
| 9B | Department of the Treasury | $ 0.00 | $ 0.00 | $ 0.00 |
| 000010 | STEPHEN HOKE AND HOKE | $ 244,173.75 | $ 47,927.28 | $ 15,689.92 |
| 000012 | IMAI, TADLOCK, KEENEY, CORDERY, | $ 0.00 | $ 0.00 | $ 0.00 |
| 000013 | KERNELL LAW FIRM | $ 29,994.97 | $ 5,887.51 | $ 1,927.39 |
| 000014 | ARROWOOD INDEMNITY COMPANY | $ 0.00 | $ 0.00 | $ 0.00 |
| 000017 | JAMES SHIPLEY | $ 200,000.00 | $ 200,000.00 | $ 0.00 |
| 19C | PATRICK M SHINE | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors   $ 51,614.35

Remaining Balance   $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By:   /s/ Joseph A. Baldi
                              Trustee

Joseph A. Baldi
P.O. Box 2399
Glen Ellyn, IL 60138-2399

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.